## Parchment *against* Aiken.

If a judgment be rendered against a constable for neglect of duty by a justice of the peace, a transcript thereof may be filed in the court of common pleas, and a *fieri facias* be issued thereon, without an execution having previously issued from the justice.

ERROR to the common pleas of *Alleghany* county.

George Aiken and James Chedwick, executors of David Aiken deceased, who were the plaintiffs in this suit, obtained a judgment before a justice against James Ross and George M'Combs, upon which an execution issued to John Parchment, the defendant, who was a constable, and which he did not return within twenty days. A *scire facias* was issued against him by the plaintiffs, and the justice on his docket set out the plaintiff's claim to be "demand on execution retained," upon which a judgment by default was rendered. The plaintiff filed a transcript of the same in the common pleas, and issued a *fieri facias*, when this writ of error was sued out; and the errors assigned were, that the transcript showed that the justice had no jurisdiction of the cause of action; and that an execution had issued out of court, previously to an execution from the justice, and a return of "no goods."

*Kingston*, for plaintiff in error.
*Forward*, for defendant in error.

The opinion of the Court was delivered by

Huston, J.—There is nothing in the two first errors assigned. It will require some stretch of ingenuity in a man acquainted with our laws and practice to suggest any difficulty as to the real cause of action, or the jurisdiction of the justice. By our law, a constable is bound to pay the amount of an execution put into his hands, or to return some sufficient reason why he has not done so. At the expiration of the twenty days the plaintiff in the execution, not receiving his money, is not bound to ascertain more than that the constable has made no return, and on his application the justice issued process to bring the defaulting constable before him, and enters on his docket that the demand is for retaining an execution, stating the day on which it was returnable, and who was plaintiff, and who defendant. In fact it would not be easy to state what further ought to appear on his docket, either to show the nature of the demand, or that it was within the justice's jurisdiction.

The matter assigned as the third error will be understood by referring to the acts of assembly, and the objects of the different acts.

[Parchment v. Aiken.]

The act of the 20th of March 1810 provides in section tenth, that a transcript of a judgment obtained before a justice, may be filed with the prothonotary, who shall enter the same on his docket, and it shall bind the real estate of the defendant from the time of such entry ; "but no *fieri facias* shall be issued by any prothonotary until a certificate shall be produced to him from the justice before whom the original judgment was entered, stating that an execution had issued to the proper constable, as directed by this act, and a return thereon, that no goods could be found sufficient to satisfy said demand," &c.    The object of this provision is not doubtful.    If the defendant had personal property to satisfy the debt, the constable must levy it and collect the debt, and the defendant is not to be subjected to the increased costs of a levy and sale of personal property by the sheriff.    If the defendant has no personal property, the constable cannot levy on land, and a *fieri facias* goes from the prothonotary to the sheriff to levy the debt from defendant's lands.    The writ of *fieri facias* is the only writ which can issue on a transcript filed under this act ; if a *fieri facias* issues before a certificate is filed from the justice, that he has issued an execution and the constable has returned "no goods," it is voidable, and the common pleas will set it aside on motion, at the costs of the plaintiff ; if they do not, and a writ of error is brought, this court would reverse as to the execution.    The present proceeding was not under the above act, but under section second of the act of the 29th of March 1824, which provides that where an alderman or justice of the peace has given judgment against a constable for neglect of duty, in addition to the remedies provided by existing laws, it shall be lawful for the plaintiff *to take a transcript of such judgment*, and file the same in the office of the prothonotary, &c. and it shall be the duty of the prothonotary, at the request of the plaintiff, to issue a *fieri facias* or *capias ad satisfaciendum* against such constable, to be proceeded in as in *other cases ;* or the court may grant an attachment against such constable.

The law makes a marked difference between the case of a defaulting constable and a common defendant.    The words, as in *other cases*, cannot be construed as in other cases on transcript ; for that would render this law totally inoperative : it must mean, as in other cases of judgment in that court.

Judgment affirmed.